Francis R. Wagner and Marjorie Wagner v. Commissioner. Francis R. Wagner v. Commissioner.
Wagner v. Commissioner
Docket Nos. 2724-64, 2725-64.
United States Tax Court
T.C. Memo 1966-122; 1966 Tax Ct. Memo LEXIS 159; 25 T.C.M. (CCH) 635; T.C.M. (RIA) 66122; June 8, 1966
Donald G. Jennings, Board of Commerce Bldg., Manistee, Mich., for the petitioners. Joseph F. Dillon, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined deficiencies in the income tax of Francis R. Wagner in Docket No. 2725-64 for the year 1959 in the sum of $279.32 and of Francis R. and Marjorie Wagner in Docket No. 2724-64 for the years 1960 and 1961 in the respective amounts of $256.76 and $250.57. The dockets were consolidated for trial. The only issue is whether petitioners are entitled to dependency exemptions for the years in question for Francis Wagner's two daughters, Beverly Jean, born in 1956, and Cynthia Marie, born in 1953. Francis and the mother of the two children, Beverly Ann Wagner, had been divorced since September *160 1958. In March of 1959 Beverly Ann married William H. Oliver and in July 1960 Francis married his present wife, Marjorie. Findings of Fact Petitioner Francis R. Wagner filed his individual income tax return for 1959 and his joint returns with Marjorie for 1960 and 1961 with the district director of internal revenue at Detroit. In the divorce decree, it is provided that "Beverly Ann Wagner, shall have the care, custody and control" of their two children and petitioner shall pay $20 a week for their support. The decree "ratified and confirmed" a "Property Settlement Agreement" which was attached to the decree. This latter instrument which is signed by the parties to the divorce action provided Beverly Ann could continue using the home they were occupying and buying as tenants in common, with Beverly Ann paying the monthly house notes of $100 and in the event of sale petitioner was to get one-half of the principal that had been paid up to the date of the divorce. This so-called Property Settlement Agreement goes on to provide for "custody and visitation rights" and it recites in paragraph 2 as follows: 2. The parties hereto both mutually agree that either party is a fit and proper *161 person to have the care and custody of the minor children, but it is agreed that second party, Beverly Ann Wagner, shall have the care and custody of the children during the normal school year, and that the first party may have the care and custody of said children during the school vacation period. First party shall also be entitled to weekly visits with the minor children, and shall be entitled to take the minor children from their home two days each week as he shall desire, and shall have the right to have the children with him overnight. The parties agree that they will use their best endeavors to work out harmoniously between them all problems which may arise relative to the care and custody of the children and the visitation rights of the first party. It is stipulated that during the taxable years through 1961, the principal residence of Cynthia Marie and Beverly Jean Wagner was with their mother and stepfather and that during the years 1959, 1960, and 1961 petitioner made cash payments through the divorce court for the support of the children in the amounts of $980, $1,030, and $1,000, respectively. Opinion Petitioners filed no brief but in their counsel's opening statement *162 it is indicated that it is their position that they had the children with them during a substantial portion of each year and the support they rendered during such periods plus some small additional sums expended for clothing and support money paid each year directly through the divorce court, constitutes over half of the total support for each child for each year. In their petitions it is alleged Francis had complete care and custody of the children for approximately 80 days out of each year. He testified he had the children approximately 125 days in 1959 and approximately 100 days in each of the years 1960 and 1961 and expended $30 on each child in 1959 and $25 in 1960 and $25 in 1961 for shoes and clothing for the children. Beverly Ann testified he had the children about two week ends a month (from Saturday morning until Sunday afternoon) and about two weeks at vacation time. She operated a beauty parlor and she testified in detail as to expenditures that she made allocable at least in part to the children consisting of household supplies, appliances, food, rent, utilities, clothing, dry cleaning, baby sitter, school expenses, books, medical expenses and sporting equipment. Such *163 evidence is not exact but the expenditures and apportionments seem reasonable. This evidence indicates the total support for each child ranged from about $1,300 to $1,900 during the years in question. The evidence is sufficient to show that the amounts contributed by Francis (slightly over $500 for each child) were far less than half of the total support for each child. There was no testimony by Francis as to amounts he might have contributed to the support of the children when they were in his care. Presumably he gave them meals and Beverly Ann said they sometimes returned home with some change. But there are just no facts essential to computing what might be called visitation expenses. Upon the basis of the entire record we hold petitioner has failed to carry his burden of proof to show that he furnished more than one-half of the support for the two children during the years in question and is therefore not entitled to the dependency exemption under section 151, Internal Revenue Code of 1954. Because of a concession with respect to the deficiency computation Decisions will be entered under Rule 50.